**UNITED STATES of America,**
**Plaintiff,**

v.

**Robert A. JOYCE, Eliana**
**Raspino, Defendants.**

**No. CRIM.A. 04–0182.**

United States District Court,
E.D. Pennsylvania.

Aug. 9, 2004.

528

Albert S. Glenn, U.S. Department of Justice, Philadelphia, PA, for Plaintiff.

Christopher D. Warren, Feldman and Pinto, James C. Schwartzman, Law Offices, J.C. Schwartzman & Assoc. PC, Tariq Karim El–Shabazz, Law Offices of Tariq Karim, El–Shabazz PC, Nialena Caravasos, Richard R. Harris, Philadelphia, PA, for Defendants.

## MEMORANDUM

ROBRENO, District Judge.

The Government filed a Motion for Hearing on Conflict of Counsel after it learned that both defendants Eliana Raspino and Robert A. Joyce (collectively as "defendants") were represented by attorneys Richard Harris and Tariq Kareem El–Shabazz, respectively. Attorney Harris and attorney El–Shabazz practice law in partnership. The Court will construe the motion as a motion to disqualify Tariq Kareem El–Shabazz from further representation of defendant Robert A. Joyce in this case. Ms. Raspino initially retained attorney Harris to represent her. Later, upon the advice of attorney Harris, Mr. Joyce decided to retain attorney El–Shabazz.

At a hearing conducted on June 30, 2004, counsel for defendants argued that despite the fact that they are associated in the practice of law, there is currently no conflict of interest in their joint representation of defendants. Furthermore, they argue that both defendants have been advised of their right to conflict-free representation and have both agreed to waive this right. The issue before this Court is whether attorney El–Shabazz's representation of Mr. Joyce in this case creates a potential serious risk of conflict given that his law partner, attorney Harris, already represents a co-defendant in this case.

## I. FACTUAL BACKGROUND

On April 1, 2004, a grand jury returned an eleven-count indictment against defendants Robert A. Joyce and Eliana Raspino. Defendants are jointly charged with one (1) count of conspiracy to commit bankruptcy fraud, in violation of 18 U.S.C. § 371 (Count 1) and four (4) counts of bankruptcy fraud, in violation of 18 U.S.C. §§ 152(1) and (2) (Counts 2, 4–6). Defendant Joyce is separately charged with one

(1) count of perjury (Count 3), in violation of 18 U.S.C. § 1623, and two (2) counts of interstate transportation of stolen property (checks), in violation of 18 U.S.C. § 2314 (Counts 7–8). Defendant Raspino is separately charged with one (1) count of making a false statement to obtain a loan/lease, in violation of 18 U.S.C. § 1014 (Count 9), and two (2) counts of money laundering, in violation of 18 U.S.C. § 1957 (Counts 10–11). The charges arise out of defendants' operation of "Raspinos," a supermarket in West Philadelphia in 1997 through 1999, that company's bankruptcy, and an attempt to expand the store to a new location at Broad and Oxford Streets in Philadelphia in 1998. To date, reportedly, there had been no plea negotiations between the Government and defendants. Discovery has been provided and the matter is proceeding to trial.

During arraignment, both defendants were represented by private counsel James C. Schwartzman. Following the arraignment, on April 29, 2004, the Court appointed Nialena Caravasos, Esquire as counsel for defendant Raspino and Christopher D. Warren, Esquire as counsel for defendant Joyce. On April 30, 2004, defendants' current counsel entered their appearance. During the June 30, 2004 hearing, it was represented by defendants' counsel that defendant Raspino first retained attorney Richard R. Harris, followed by defendant Joyce retaining attorney Tariq Kareem El–Shabazz. Mr. Joyce was referred to attorney El–Shabazz by attorney Harris.

At the hearing, it was established, through the representation of both attorneys Harris and El–Shabazz, that they are partners in the same law firm and employ four other associates. Each attorney has a private office in the same suite, but all common areas, including a conference room, library, and bathroom facilities are shared. All client files are stored in the suite. The attorneys also share a copy machine, fax machine, and other office equipment. The same receptionist, law clerk, and courier, service both attorneys.

## II. DISCUSSION

When attorneys are in partnership in the practice of law, representation of a client by one partner is imputed to the other partners. *See* Rule 1.10(a) of the Pennsylvania Rules of Professional Conduct.[1] Therefore, for purposes of this case, although attorney Harris and attorney El–Shabazz ostensibly represent two separate clients, because both attorneys are in a partnership in the practice of law, this representation is deemed as a joint representation of both clients by one attorney of the law firm. *Id.* Viewed in this light, the jurisprudence applicable to conflicts during the course of joint representation by one lawyer is applicable to this case.

Although joint representation of criminal defendants does not per se give rise to an actual conflict, it should be carefully scrutinized for its impact, not only on the defendants' right to conflict-free counsel, but also in the public's interest in the fair and just administration of justice. *Wheat v. U.S.*, 486 U.S. 153, 160, 108 S.Ct. 1692, 100 L.Ed.2d 140 (1988).

Even if the current representation is free of actual conflict, disqualification is appropriate if potential risk for conflict exists under the circumstances of the particular case. *Wheat*, 486 U.S. at 164, 108 S.Ct. 1692.

The Supreme Court has held:

> shall knowingly represent a client when any one of them practicing alone would be prohibited from doing so by [these] Rules..."

1. Rule 1.10(a) of the Pennsylvania Rules of Professional Conduct provides that, "[w]hile lawyers are associated in a firm, none of them

...we think the district court must be allowed substantial latitude in refusing waivers of conflicts of interest not only in those rare cases where an actual conflict may be demonstrated before trial, but in the more common cases where a potential for conflict exists which may or may not burgeon into an actual conflict as the trial progresses.... The evaluation of the facts and circumstances of each case under this standard must be left primarily to the informed judgment of the trial court.

*Wheat,* 486 U.S. at 163 –164, 108 S.Ct. 1692.

■ Attorney El–Shabazz represented to the Court that defendants have been independently counseled by another attorney of their right to conflict-free representation and have chosen to waive their right to conflict free representation. However, as the Supreme Court in *Wheat* discussed, the Sixth Amendment presumption in favor of counsel of choice does not provide for a absolute rule that a defendant's waiver will cure any conflict or acts as a prophylactic for the rise of potential conflicts which may be created by joint representation. *Wheat,* 486 U.S. at 160, 108 S.Ct. 1692. In addition, although defendants may waive their right to conflict-free counsel, a waiver may not be adequate in some cases.[2] *U.S. v. Voigt,* 89 F.3d 1050, 1075 (3d Cir.), *cert. denied,* 519 U.S. 1047, 117 S.Ct. 623, 136 L.Ed.2d 546 (1996); *U.S. v. Moscony,* 927 F.2d 742, 750 (3d Cir.), *cert. denied,* 501 U.S. 1211, 111 S.Ct. 2812, 115 L.Ed.2d 984 (1991); *U.S. v. Dolan,* 570 F.2d 1177, 1184 (3d Cir.1978). "Even if the conflict is waived by all defendants upon the advice of counsel, the circumstances of the waiver may later be revisited on the theory that the waiver was the result of ineffective assistance of counsel." *U.S. v. Chapman,* CR. No. 99–375–2, 1999 WL 692682, 1999 U.S. Dist. LEXIS 13675 (E.D.Pa. Sept. 2, 1999) (Robreno, J.).

■ In this case, defense counsel represented at the hearing that there is no actual conflict and that they do not foresee the possibility of a future conflict of loyalties arising because the defendants currently have an "all or nothing" defense. Also, counsel represented that although defendants are not formally married, they are in an "informal marriage," that they have children together and live together. The Court concludes that, under the circumstances of this case, a potential risk for conflict exists which warrants disqualification of attorney El–Shabazz regardless of waiver.

First, given the defendants' "informal marriage," there is a question of whether defendants are husband and wife under Pennsylvania's common law marriage rules. If so, each defendant may be entitled to invoke a common law marital privilege. The issue of the applicability of a marital privilege raises a potential conflict in cases, such as this case, where spouses are jointly represented in the same action. For example, if one spouse wishes to testify at trial, that testimony may involve communications cloaked by the law of marital privilege, which, although exculpatory to one spouse, could be objected to by the other spouse. Counsel therefore will not be able to advise one defendant whether to testify (or advise the other defendant to object to the testimony) without prejudicing the other spouse.

2. Rule 44 of the Federal Rules of Criminal Procedure and Rule 1.7 of the Pennsylvania Rules of Professional Conduct provide that although an attorney may not jointly represent clients in matters where there may be conflicts of interest, after full disclosure and consultation, the client may waive their right to conflict-free representation. Pennsylvania Rules of Professional Conduct Rule 1.7.

Second, joint representation, as a practical matter, may hinder any possibility of negotiations and thus prevent a less culpable defendant from cooperating with the government and thereafter receiving a downward departure to reduce his or her sentence. Although it is reported that no plea negotiations are in progress, joint representation makes it problematic for counsel to initiate talks in the future, if the negotiations involve cooperation by one defendant against the other.

Third, Rule 1.6 of the Pennsylvania Rules of Professional Conduct requires an attorney to take reasonable steps to keep information disclosed by a client confidential. In this case, the attorneys share office space, secretarial support, a receptionist, a courier, and law clerk help. Although the attorneys have indicated that client information is kept in separate locked file cabinets, given the nature of the physical arrangement of the lawyers' office suite, and the sharing of support staff, the potential for a breach of confidentiality appears high in this case.

Finally, the issue of payment of attorney's fees also has the potential for creating a conflict of interest in this matter. Given defendants' relationship, *inter se,* the question of who is paying attorney's fee for each defendant becomes important. Whether both defendants have arranged to pay counsel separately, or whether they are relying on joint funds, or whether one defendant is paying for the entire defense, was not explained by counsel at the hearing. Assuming a scenario where one defendant is paying for both lawyers, a plausible arrangement here not dispelled by counsel at the hearing, it would place the lawyer representing the non-paying defendant in a situation of having divided loyalties. *Chapman,* 1999 WL 692682, at *4,

1999 U.S. Dist. LEXIS 13675, at 8–9, *citing Wheat,* 486 U.S. at 163–164, 108 S.Ct. 1692.

Given that attorney Harris was initially retained to represent Ms. Raspino[3], and was conflict free until Mr. Joyce retained attorney El–Shabazz, once attorney El–Shabazz is disqualified, attorney Harris will again be conflict free in this case and may continue to represent Ms. Raspino.

## III. CONCLUSION

For the foregoing reasons, the Court finds that there is a potential serious risk of conflict involved in the representation of Mr. Joyce by attorney El–Shabazz. Further, the Court concludes that this potential risk is not waivable. If defendant Joyce is unable to afford counsel, the Court will appoint counsel. Once attorney El–Shabazz is disqualified, attorney Harris may represent Ms. Raspino without the potential risk of conflict.

## ORDER

**AND NOW,** this 9th day of **August 2004,** for the reasons set forth in the accompanying memorandum, upon consideration of the Government's motion to hold a hearing regarding conflict of interest (doc. no. 15), which the Court will construe as a motion to disqualify Tariq Kareem El–Shabazz, Esquire from representing Robert A. Joyce, and oral motion by Richard Harris, Esquire and Tariq Kareem El–Shabazz to allow waivers of defendants' rights to conflict-free counsel, it is hereby **ORDERED** that the motion to disqualify Tariq Kareem El–Shabazz is **GRANTED.**

It is **FURTHER ORDERED** that defendants' oral motion for waivers is **DENIED.**

---

**3.** There is no claim that either Ms. Raspino and attorney Harris, on the one hand, and Mr. Joyce and attorney El–Shabazz, on the other hand, have disclosed confidences to each other at anytime during the course of this litigation.

It is **FURTHER ORDERED** that the Defender Association of Philadelphia, Federal Court Division, is appointed to represent defendant Robert A. Joyce with counsel in these proceedings.[1]

**AND IT IS SO ORDERED.**

---

1.  Defendant Robert A. Joyce is, of course, free to retain other conflict-free private counsel.

If he wishes to do so, he must do so within fifteen (15) days from the date of this order.